FILED'09 OCT 22 16:28 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CHRISTINA MCCLELLAN,<br><br>    Plaintiff,<br><br>    v.<br><br>I-FLOW CORPORATION, a Delaware corporation, et al.,<br><br>    Defendants. | Civ. No. 07-1309-AA<br>OPINION AND ORDER |
| DONNELL COX; DAVID DOOLITTLE and CAROLYN DOOLITTLE, husband and wife; JUAN A. HUERTA; and KATHERINE FORREST,<br><br>    Plaintiffs,<br><br>    v.<br><br>DJO, LLC, a Delaware corporation, et al.,<br><br>    Defendants. | Civ. No. 07-1310-AA<br>OPINION AND ORDER |

1    - OPINION AND ORDER

GORDON J. ADDIS,                              Civ. No. 07-1318-AA
                                              OPINION AND ORDER
        Plaintiff,

    v.

MCKINLEY MEDICAL, L.L.C., a
Colorado corporation; et al.,

        Defendants.
_____

AIKEN, Chief Judge:

    Plaintiffs filed suit alleging negligence and products liability arising from the post-operative use of pain pump devices in their shoulder joints. Defendant DJO Incorporated now moves for summary judgment on plaintiffs' claims of negligence and strict products liability. DJO Incorporated argues that it cannot be held liable to plaintiffs, because it was not a manufacturer, distributor, lessor, or seller of the accused pain pumps, and plaintiffs allege no other basis for liability in their complaints.

    Plaintiffs concede that DJO Incorporated did not manufacture, distribute, lease, or sell the pain pumps at issue in these cases and cannot directly be liable for claims of negligence or product liability. However, plaintiffs contend that DJO Incorporated is named as the parent company of DJO LLC, and that DJO Incorporated should be held liable for the acts of its subsidiary under the theory of corporate veil-piercing. Plaintiffs filed cross-motions for summary judgment regarding the liability of DJO Incorporated under this theory. Simultaneously, plaintiffs filed motions to

2     - OPINION AND ORDER

amend in each of the above-captioned cases "to clarify" this claim in their complaints.

As DJO Incorporated points out, the most current complaints in each of the above-captioned cases do not allege or even suggest liability against DJO Incorporated as a parent company. For example, in McClellan and Addis, the complaints allege that the accused pain pump devices were "distributed, marketed, and sold by" DJO Incorporated and others. 07-1309-AA, Third Amended Complaint (doc. 90), ¶4; 07-1318-AA, Third Amended Complaint (doc. 85), ¶4. Similarly, in Cox, the complaint alleges that DJO Incorporated, among others, "designed, manufactured sold, and/or distributed a product called a 'pain pump' . . . ." 07-1310-AA, Sixth Amended Complaint (doc. 277), ¶13. Thus, contrary to plaintiffs' assertions, DJO Incorporated is not named as a parent company, and liability is not alleged under such a theory. Consequently, DJO Incorporated is entitled to summary judgment based on the theories of liability currently alleged.

Further, I decline to consider plaintiffs' cross-motions for summary judgment on claims that are not yet pled and subject to plaintiffs' pending motions to amend. Should plaintiffs' amendments be allowed, plaintiffs may renew their motions for summary judgment on DJO Incorporated's liability under the theory of corporate veil piercing.

///

3    - OPINION AND ORDER

CONCLUSION

Defendant DJO Incorporated's Motions for Summary Judgment (07-1309-AA, doc. 98; 07-1310-AA, doc. 335; 07-1318-AA, doc. 126) are GRANTED, and plaintiff's Cross-Motions for Summary Judgment (07-1309-AA, doc. 147; 07-1310-AA, doc. 352; 07-1318-AA, doc. 138) are DENIED with leave to renew if the court allows amendment of their complaints.

IT IS SO ORDERED.

DATED this 21 day of October, 2009.

/s/ Ann Aiken
Ann Aiken
Chief United States District Judge

4    - OPINION AND ORDER