**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**

**CIVIL MINUTES**

**CASE NO:** 07-1309-AA; 07-1310-AA; 08-478-AA          **DATE:** September 10, 2010

**CASE TITLE:** McClellan v. I-Flow Corporation; Huerta v. Corporation "X"; Arvidson v. DJO

**PRESIDING JUDGE:** ANN AIKEN

**DEPUTY CLERK:** Christy Weller

---

For the reasons explained during the pretrial conference on 09/08/2010, defendants' motions for non-economic damages cap (373M; 364A); defendants' motions to exclude 2004 email (454.12M; 688.12H; 440.12A); defendants' motions to exclude catheter guides (454.7M; 688.7H; 440.7A); defendants' motions to exclude statements to treating physicians regarding FDA approval/clearance (467M; 451A; 694H); defendants' motions to exclude communications between DJO and I-Flow and internal DJO communications (408M; 401A); defendants' motions to exclude communications between DJO and third parties, DJO and I-Flow, and I-Flow and third parties (454.9-.11M; 688.9-.11H; 440.9-.11A) are DENIED. With respect to communications between and among DJO and I-Flow or DJO and its regulatory consultant, I find that such communications are not offered for the truth of the matter asserted but to establish notice to DJO and I-Flow. Defendants' motions to exclude hearsay statements made by and to FDA employees (375M; 366A) are GRANTED in part with respect to statements made by FDA representatives to third parties, such as DJO's regulatory consultant.

For the reasons explained during the pretrial conference, defendants' motions to exclude argument that 1998 and 1999 FDA decisions created a duty to warn or duty to conduct pre-market testing (454.1 and .5M; 688.1 and .5H; 440.1 and .5A); defendants' motions to exclude evidence of alleged FDA violations (444/454.2M; 688.2H; 426/440.2A); and defendants' motions to exclude evidence of 1998 and 1999 FDA decisions (454.3M; 688.3H; 440.3A) are DENIED to the extent that such factual evidence is admissible, although plaintiffs' witnesses are precluded from testifying that a legal duty was created or violated, or that legal liability resulted from certain conduct. Defendants' motions to exclude testimony constituting legal conclusions or legal instruction (395/454.30M; 688.30H; 384/440.30A are GRANTED. Defendants' motions to exclude testimony that defendants' continuous infusion devices were not "approved" or "disapproved" (454.4M; 688.4H; 440.4A) are GRANTED to the extent plaintiffs shall recognize the distinction between "clearance" and "approval" under the relevant regulatory process and use the terms accurately.

Defendants' motions to exclude cumulative testimony of expert witnesses (447/454.31M; 688.31H; 430/440.31A), defendants' motions to exclude product evidence associated with plaintiff McClellan's 2003 surgery (451M), defendants' motions to exclude post-surgery

**DOCUMENT NO:** _____

marketing and training communications (477M; 461A), and defendants' motions to exclude testimony on the adequacy of warnings (454.24; 688.24; 440.24) are DEFERRED until such testimony is at issue.  Plaintiffs' motions to exclude evidence of Dr. Benz's claim against Stryker (406.50M; 761.50H; 397.50A) and to exclude I-Flow's reliance on the advice of counsel (406.51M; 761.51H; 397.51A) are DEFERRED until such testimony is at issue.

Defendants' motions to exclude evidence of other lawsuits, claims or litigation (389/454.8M; 688.8H; 380/440.8A) defendants' motions to exclude evidence of subsequent remedial measures and other post-injury conduct (454.13M; 688.13M; 440.13A), and defendants motions to exclude evidence of post-surgery date labeling and instruction changes and technical publications (385M; 376A) are GRANTED as explained during the pretrial conference.

Defendants' motions to exclude evidence or argument that pain pumps are defective or dangerous (454.27M; 688.27H; 440.27A) is GRANTED to the extent that plaintiffs do not intend to offer evidence that the pain pumps were defective for all intended uses.  Defendants' motions to exclude the use of video deposition excerpts in opening statements (454.19 and .35M; 688.19 and .35H; 440.19 and .35A) are GRANTED as plaintiffs do not intend to use such excerpts in opening statements.  Defendants' unopposed motions for standard orders (454.35M; 688.35H; 440.35A) are GRANTED.

Defendants' motions to exclude testimony of Dr. Parisian (453/456/461/454.16M; 687/699/688.16H; 437/438//455/440.16A) and Dr. DiPaola (438M) are GRANTED in part and DENIED in part with leave to renew as explained at the pretrial conference.

Defendant DJO's motion for summary judgment (622M; A) is DENIED as untimely and requiring resolution of disputed facts, and defendants' motions to preclude or exclude punitive damages evidence (452/454.23M; 688.23H; 436/440.23A) and plaintiff Arvidson's motion for leave to amend regarding punitive damages (566A) are RESERVED.  Arvidson's unopposed oral motion to amend regarding factual allegations or corrections is GRANTED.

cc:    Chambers
       Counsel of Record

**DOCUMENT NO: _____**